IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FLYGRIP, INC. § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  6:21-cv-1080 |
| § | |
| FIVE BELOW, INC., § | JURY DEMANDED |
| § | |
| *Defendant*. § | |
| § | |
| § | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Flygrip, Inc. ("Flygrip" or "Plaintiff") files this Complaint for patent infringement against Five Below, Inc. ("Five Below" or "Defendant").

**THE PARTIES**

1. Plaintiff Flygrip is a corporation organized and existing under the laws of the State of New York with a place of business in Farmingdale, New York.

2. On information and belief, Five Below is a corporation organized and existing under the laws of the State of Pennsylvania, having a place of business at 701 Market Street, Suite 300, Philadelphia, PA 19106.

3. On information and belief, Five Below is registered to do business in Texas, and may be served through its registered agent for service of process, Corporation Service Company DBA CSC – Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Five Below because, directly or through intermediaries, Five Below has committed acts within the Western District of Texas giving rise to this action and/or has established minimum contacts with the Western District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. This Court has specific personal jurisdiction over Five Below at least in part because Flygrip's causes of action arise, at least in part, from Five Below's contacts with and activities in the State of Texas and this Judicial District. Upon information and belief, the Five Below has committed acts of infringement within the State of Texas and this Judicial District by, *inter alia*, directly and/or indirectly making, using, selling, offering to sell, or importing products that infringe one or more claims of Flygrip's patents described below. On information and belief, Five Below also has derived substantial revenues from infringing acts in this Judicial District, including from the sale and use of infringing products including, but not limited to, the products accused of infringement below.

7. Venue is proper in this District under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. Defendant has a regular and established place of business in the District, including retail stores at 4633 Jack Kultgen Freeway, Suite 101, Waco, Texas 76706; 2112 SW H K Dodgen Loop, Temple, Texas 76504; 201 East Central Texas Expressway, Suite 2130, Harker Heights, Texas 76548; 1019 West University Ave, Suite 800, Georgetown, Texas 78628; and 201 University Oaks Boulevard, Suite 800, Round Rock, Texas 78665.

8.     In addition, Five Below has placed or contributed to placing infringing products into the stream of commerce via an established distribution channel knowing or understanding that such products would be sold and used in the United States, including in the Western District of Texas.

## FACTUAL BACKGROUND

9.     Flygrip was founded in 2011 by Michael Karmatz, an inventor who developed a novel grip for smartphones or other handheld devices.

10.    Touchscreen smartphones became popular in 2007. At the time, Blackberry and Palm had phones with physical keyboards on the front. A keyboard on the front allowed the hand and thumb to hold the phone securely, because the user's thumb could rest on the keyboard. Once the full touchscreen phones came onto the market, users could not allow their thumb to rest on the front of the screen, because doing so would cause unintentional clicks on the screen. Users were forced to hold only the sides of the phone, and then use the other hand's fingers to operate the touchscreen front. This was not a very productive way to use a phone. One of Mr. Karmatz's goals was to enable users to use touchscreen phones with just one hand. He sought a way to allow users to grip their phone securely using their non-thumb fingers from the back, so as to allow their thumb to have the freedom to operate the front of the screen. Mr. Karmatz developed designs that were sufficiently thin so as to enable users to fit their phone in their pocket with the grip attached. However, the same grip could be quickly expanded when needed to allow for effective gripping, and could be quickly and easily collapsed when not needed.

11.    Mr. Karmatz founded Flygrip to develop and commercialize his ideas.

12.    Flygrip is an inventor-controlled entity.

13.    Flygrip is a practicing entity that has commercialized its intellectual property through the development and sale of products. For example, Flygrip sells products at its website found at https://shop.flygrip.com/.

## EXEMPLARY PRODUCTS

14. Examples of products accused of infringement (the "Exemplary Products") below include:

- The Bytech NY, Inc. line of Sidekick products
- The Quest USA Corp. line of SpinPop products
- The Merkury Innovations LLC line of Grip'z products

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,800,024

15. Flygrip incorporates by reference the paragraphs above as if fully set forth herein.

16. On October 13, 2020, United States Patent No. 10,800,024 (the '024 Patent") entitled "Compacting Grip for Handheld Devices" was duly and legally issued after full and fair examination. Flygrip is the owner of all right, title, and interest in and to the patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. A true copy of the '024 Patent is attached as Exhibit 1.

17. The '024 Patent is valid and enforceable.

18. Five Below has received notice and actual or constructive knowledge of the '024 Patent and the infringing nature of the Exemplary Products since at least the date of service of this Complaint.

19. Five Below had knowledge of the '024 Patent and of other Flygrip's patents since, at least, October 14, 2021 and October 15, 2021 when Five Below received Flygrip's letters disclosing the '024 Patent and other Flygrip's patents, and identifying the infringing nature of the Exemplary Products in connection with Flygrip's patents, specifically including the identification of claims 1 and 2 of the '024 Patent.

20. Since at least the date of service of this Complaint, through its actions, Five Below has indirectly infringed and continues to indirectly infringe at least claims 1 and 2 of the '024 Patent in violation of 35 U.S.C. § 271(b) as to at least the Bytech NY, Inc. line of Sidekick products (the "Bytech Products") and the Quest USA Corp. line of SpinPop products (the "Quest Products"). Five Below has actively induced product makers, distributors, retailers, and/or end users of the Bytech Products and the Quest Products to directly infringe the '024 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Bytech Products and the Quest Products in various websites, including providing and disseminating product descriptions, product packaging, enclosed product instructions, and other instructions on how to configure and/or use the Bytech Products and the Quest Products. Five Below does so knowing and intending that its customers and end users will commit these infringing acts, including infringement of claims 1 and 2 of the '024 Patent.  Five Below also continues to make, use, offer for sale, sell, and/or import the Bytech Products and the Quest Products, despite its knowledge of the '024 Patent, thereby specifically intending for and inducing its customers to infringe the '024 Patent through the customers' normal and customary use of the Bytech Products and the Quest Products.

21. In addition, Five Below has indirectly infringed and continues to indirectly infringe the '024 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Bytech Products and the Quest Products with knowledge that they are especially designed or adapted to operate in a manner that infringes that patent and despite the fact that the infringing aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.  In addition, the Bytech Products and the Quest Products include instructions, both on the product packaging and on the Internet, wherein such instructions are especially made or especially adapted for use in an infringement, are not a staple article or

commodity of commerce, and are not suitable for substantial noninfringing use. Five Below is aware that the Bytech Products and the Quest Products enable end-users to configure and/or use the product to infringe the '024 Patent, including at least claims 1 and 2. In particular, the product descriptions, product packaging, enclosed product instructions, and other instructions for the Bytech Products and the Quest Products teach that the products are especially made or especially adapted for use in an infringement of the '024 Patent. Five Below continues to sell and offer to sell these products in the United States after receiving notice of the '024 Patent and how the products' use and/or configuration infringe that patent. In addition, the infringing aspects of the Bytech Products and the Quest Products can be used only in a manner that infringes the '024 Patent and thus have no substantial non-infringing uses.

22. Exemplary charts comparing the asserted claims of the '024 Patent to exemplars of the Bytech Products are attached as Exhibit 3.[1] Exemplary charts comparing the asserted claims of the '024 Patent to exemplars of the Quest Products are attached as Exhibit 4.

23. Flygrip has suffered damages as a result of Five Below's direct and indirect infringement of the '024 Patent in an amount adequate to compensate for Five Below's infringement, but in no event less than a reasonable royalty for the use made of the invention by Five Below, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,844,098

24. Flygrip incorporates by reference the paragraphs above as if fully set forth herein.

---

[1] The attached charts are illustrative and provided for purposes of satisfying Flygrip's pleading obligations and should not be construed as limiting. Flygrip will serve infringement contentions in this case in accordance with the Local Rules, the Court's orders, and/or the schedule entered by the Court.

25. On September 30, 2014, United States Patent No. 8,844,098 (the '098 Patent") entitled "Apparatus for Gripping Handheld Devices" was duly and legally issued after full and fair examination. Flygrip is the owner of all right, title, and interest in and to the patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. A true copy of the '098 Patent is attached as Exhibit 2.

26. The '098 Patent is valid and enforceable.

27. Five Below has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1 of the '098 Patent in violation of 35 U.S.C. § 271(a) because Five Below makes, uses, offers for sale, sells, and/or imports certain products, including within this District, at least the Merkury Innovations LLC line of Grip'z products line of handheld device grips (the "Merkury Products"). The Merkury Products satisfy all claim limitations of one or more of the claims of the '098 Patent, including at least claim 1.

28. Exemplary charts comparing the asserted claims of the '098 Patent to exemplars of the Merkury Products are attached as Exhibit 5.

29. Five Below has received notice and actual or constructive knowledge of the '098 Patent and the infringing nature of the Exemplary Products since at least the date of service of this Complaint.

30. Five Below had knowledge of the '098 Patent and of other Flygrip's patents since, at least, October 14, 2021 and October 15, 2021 when Five Below received Flygrip's letters disclosing the '098 Patent and other Flygrip's patents, and identifying the infringing nature of the Exemplary Products in connection with Flygrip's patents, specifically including the identification of claim 1 of the '098 Patent.

31. Flygrip has suffered damages as a result of Five Below's direct and indirect infringement of the '098 Patent in an amount adequate to compensate for Five Below's infringement, but in no event less than a reasonable royalty for the use made of the invention by Five Below, together with interest and costs as fixed by the Court.

## KNOWLEDGE, WILLFULNESS, AND MARKING

32. Flygrip incorporates by reference the paragraphs above as if fully set forth herein.

33. The patents identified above are known as the Asserted Patents.

34. To the extent any marking or notice was required by 35 U.S.C. § 287, Flygrip has complied with the applicable marking and/or notice requirements of 35 U.S.C. § 287.

35. Five Below's infringement has been and continues to be willful and deliberate. Upon information and belief, Five Below deliberately infringed the Asserted Patents and acted recklessly and in disregard to the Asserted Patents by making, having made, using, importing, and offering for sale products that infringe the Asserted Patents. Upon information and belief, the risks of infringement were known to Five Below and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Five Below has no reasonable non-infringement theories. Upon information and belief, Five Below has not attempted any design/sourcing change to avoid infringement. Five Below has acted despite an objectively high likelihood that its actions constituted infringement of the Asserted Patents. In addition, this objectively-defined risk was known or should have been known to Five Below. Upon information and belief, Five Below has willfully infringed and/or continues to willfully infringe the Asserted Patents. Five Below's actions of being made aware of its infringement, not developing any non-infringement theories, not attempting any design/sourcing change, and not ceasing its infringement constitute egregious behavior beyond typical infringement.

## DEMAND FOR JURY TRIAL

Flygrip hereby demands a jury for all issues so triable.

## **PRAYER**

WHEREFORE, Flygrip respectfully requests that the Court find in its favor and against Five Below, and that the Court grant Flygrip the following relief:

1. A judgment that Five Below has infringed and continues to infringe, one or more claims of the Asserted Patents;

2. A judgment for an accounting of all damages sustained by Flygrip as a result of the acts of infringement by Five Below;

3. A permanent injunction against Five Below, its subsidiaries, or anyone acting on their behalf from making, using, selling, offering to sell, or importing any products that infringe the Asserted Patents, and any other injunctive relief the Court deems just and equitable;

4. A judgment and order requiring Five Below to pay Flygrip damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

5. A judgment and order requiring Five Below to pay Flygrip pre-judgment and post-judgment interest on the damages awarded;

6. A judgment and order finding this to be an exceptional case and requiring Five Below to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

7. Such other and further relied as the Court deems just and equitable.

DATED: October 18, 2021             Respectfully submitted,

<p style="margin-left: 40%;"><u>*Robert D. Katz*</u></p>

<p style="margin-left: 40%;">Derek Gilliland<br>
Texas State Bar No. 24007239<br>
SOREY & GILLILAND, LLP<br>
133 E. Tyler Street<br>
Longview, Texas 75601<br>
903.212.2822 (Telephone)<br>
903.212.2864 (Facsimile)<br>
derek@soreylaw.com</p>

<p style="margin-left: 40%;">Robert D. Katz<br>
Texas Bar No. 24057936<br>
KATZ PLLC<br>
6060 N. Central Expressway, Suite 560<br>
Dallas, TX 75206<br>
214.865.8000 (Telephone)<br>
888.231.5775 (Facsimile)<br>
rkatz@katzfirm.com</p>

**ATTORNEYS FOR PLAINTIFF FLYGRIP, INC.**